UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMIE RONATA BURNETT,

          Plaintiff,

v.

STATE OF MICHIGAN, *et al*.,

          Defendants.

_____/

Case No. 1:24-cv-55

Hon. ROBERT J. JONKER

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Carmie Ronata Burnett (referred to as "Burnett" or "Carmie-ronata") brought this action against 14 defendants: State of Michigan (Michigan); the City of Grand Rapids (Grand Rapids), the Grand Rapids Police Department (GRPD) and GRPD Chief Eric Winstrom (collectively the "Grand Rapids defendants"); GRPD Officers Andrew Middleton, Ryan Manser, Benjamin Howie, and Justin Scavarda; Unknown Parties #1 [Unknown Officers]; Kent County; Kent County Sheriff; 61st District Court and its Court Clerk Sarah Breen; and, Unknown Parties #2 [Unknown Officers of the Court]. *See* Compl. (ECF No. 1). Burnett has sued defendants Winstrom, Middleton, Manser, Howie, Scavarda, and Breen in their individual and official capacities. *Id*.[1]

       This matter is now before the Court on seven motions. Defendants have filed five motions to dismiss. Defendants 61st District Court and Breen have moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 15). Defendant Michigan has moved to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim

---

[1] The Court notes that plaintiff Carmie Ronata Burnett's 15-count complaint is very similar and at times identical to a 15-count complaint filed by Carolyn-Jean Burnett in *Burnett v. State of Michigan*, *et al*., No. 1:24-cv-57 (W.D. Mich.).

pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 18). The Grand Rapids defendants have moved to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 22).  Defendants Kent County and Kent County Sheriff's Department have moved to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 25)[2].  Finally, defendants Middleton, Manser, Howie, Scavarda have moved to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 54).

For her part, Burnett has filed a motion to produce an oath (ECF No. 20) and a motion to amend the complaint (ECF No. 40).

For the reasons discussed below, the undersigned recommends that this frivolous sovereign citizen lawsuit be dismissed for lack of subject matter jurisdiction.

## I.    Burnett's Lawsuit

### A.    Burnett's Allegations

Burnett filed a 74-page document entitled "Redress Constitutional Grievances Constitutional Court Counterclaims for Rights Violations") which the Court docketed as a complaint (ECF No. 1).  The complaint included ten exhibits (ECF Nos. 1-1 through 1-10).[3]  The complaint is a lengthy and at times undecipherable.

This lawsuit arose from a police stop which Burnett mentioned on page 22 of the complaint:

---

[2] The Court notes that while their motion (ECF No. 25) cites Fed. R. Civ. P. 12(b)(6), their brief (ECF No. 26) also argues lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

[3] The Court notes that Burnett submitted exhibits numbered 1, 2, 4, 5, 6, 7, 8, 9, 10 and 11.

On April 23, 2023, by using a mechanical device such as a red and blue light indicating an emergency to direct Petitioner/Suitor, to pull to the side of the street or roadway to stop, DEFENDANTS' "all" willfully and knowingly trespassed upon and invaded Petitioner/Suitor natural, inherent, and unalienable rights, interests, and immunities.

Compl. at PageID.22.  The Court has gleaned the substance of Burnett's claims from her 125-paragraph "Affidavit and Verification statement of attestation" (ECF No. 1-3, PageID.81-91).

Burnett was stopped by GRPD Officers for driving without a license plate. PageID.83, 89, ¶¶ 22 and 101.  In her affidavit, Burnett admits that she had no license plates and that she cancelled her driver's license back in February 2021.  PageID.89, ¶¶ 101 and 103.  After failing to produce a driver's license, Burnett was ordered to "get out of the car," said she would not due so voluntarily, and as a result GRPD Officer (Middleton) forcefully pulled her out of the car. PageID.83, ¶¶ 27-28, 31, 34.  Burnett was handcuffed, searched, and placed in a police cruiser, during which time Burnett indicated that she would not voluntarily comply with the officer's directions.  PageID.84-85, ¶¶ 34, 39-41, 45.  Burnett also stated that she "will charge and Lien each one of them for unlawful arrest, kidnapping, human trafficking and re-injuring my vertebrae." PageID.84, ¶ 38.  Officer Middleton had Burnett's passport, which indicated that he had searched her purse without consent.  PageID.85, ¶ 51.[4]  Burnett's vehicle was searched and then towed. PageID. 85-86, ¶¶ 48-52, 54, 58.

Burnett was taken to a Kent County facility. *See* PageID.86-87, 89, ¶¶ 65, 74-76, 93.  Burnett's complaints against Kent County include: that she did not consent to giving a thumb print for identification; that a male deputy hurt her while taking the prints; that a male deputy did not provide full disclosure on the policy for finger printing and photographing; that a female deputy

---

[4] *See Gloria Sun Jung Yun v. New Jersey*, No. CV 18-17283, 2019 WL 1002944 at *3 (D.N.J. Feb. 28, 2019) ("a 'state citizen's passport' . . . is some type of document that the sovereign citizens movement promotes.").

searched her body causing injuries; that a female deputy destroyed her property by cutting the draw strings of her pants; that male deputies and defendant Middleton mentally raped her when a female deputy removed her wig and scarf; that she did not consent to answering questions; that she did not consent to provide a urine sample, to allow the nurse to take "vitals", or to respond to the nurse's questionnaire; that her sister tendered the $300.00 bond; and, that she was released after being detained about 20 hours.  PageID.87-89, ¶¶ 70-100.

Burnett's complaints include that she had to pay "$168.50 to the CITY OF GRAND RAPIDS POLICE IMPOUND to obtain my private automobile" and "$80.00 to get it towed off the lot because of not having any STATE plates[.]"  PageID.89, ¶ 101.

Burnett's complaints about defendant 61st District Court involve two incidents. First, on an unspecified date ["on or around 27, 2023"] Burnett called the 61st District Court and "spoke with an employee to acquire all the case numbers attached with the April, 23, 2023, matter". PageID.90, ¶ 113.  The employee provided six case numbers, but "no case number knowns as 2023-0I-068732".  *Id*. at ¶¶ 114-115.  Second, on an unspecified date in May 2023, Burnett visited the 61st District Court to file her "NOTICE OF SPECIAL APPEARANCE and NOTICE OF REMOVAL" and "asked the employee to provide all the cases attached to the April 23, 2023 [sic]".  *Id*., ¶¶ 116-117. The employee presented the six previously-identified case numbers but "[t]he employee presented no case number knowns as 2023-0I-068732".  *Id*. at ¶¶ 118-119.

Burnett does not allege any incidents involving defendants Michigan, the Kent County Sheriff, or Breen.

### B.    Burnett's Causes of action

Based on this traffic stop, arrest, vehicle impoundment, 20-hour detention, and inquiries made to the state court, Burnett set forth 15 counts which allege claims arising under 42

U.S.C. § 1983 for violations of the First, Fourth, Fifth Sixth, Eighth, Ninth, Tenth and Eleventh Amendments, various statutes, and common law torts (in her words):

**COUNT 1 (all defendants)**: "Color of law, office and authority and conspiracy against rights under color of law, office and authority. Constitutinal invasion." PageID.15-20.

**COUNT 2 (all defendants)**: "Deprivation of rights, trespass, encroachment and invasion of inherent fundamental alienable rights, interests and immunities under color of law, constitutional invasion." PageID.20-24.

**COUNT 3 (all defendants)**: "Assault and battery. Negligent battery. Disfigurement, bodily harm, serious bodily harm and grievous bodily harm less than the crime of murder and unlawful wounding, wounding with intent, malicious wounding. Un-authorized arrest powers. Invasion of pysical security, privacy, and oppersive police practice. Constitutional invasion." PageID.24-31.

**COUNT 4 (all defendants)**: "The involuntary sumission to custody. Illegal stop. Warrantless arrests without probable cause, illegal hand cuffing, false arrest, unlawful seizure, unlawful search, false/unlawful imprisonment, kidnapping and unlawfulful imprisonmeny by secret confinement, wrongful confinement under the color of law, false detention color of law. Forced pysical discomfort. Constitusional invasion. Involunatry servitude. Constitional invasion." PageID.31-35.

**COUNT 5 (all defendants)**: "Probable cause proceeding violation. Due process violation and deprivation of rights under color of law. Constitutional invasion." PageID.35-38.

**COUNT 6 (defendant Middleton)**: "Sexual battery. Sexual intimidation, sexual assault, emotional rape. Forced physical discomfort." PageID.38-40.

**COUNT 7 (all defendants)**: "Invasion of privacy. Racial profiling."  PageID.40-42.

**COUNT 8 (all defendants)**: "Malicious prosecution and conspiracy to maliciously prosecute.  Defamation of character. Filing fabricating evidence to incriminate on erroneous charges. Unconscionable contract, fraud in the factum. Malicious intererence with contract. Security fraud. Constitutional violation."  PageID.42-46.

**COUNT 9 (all defendants)**: "Breach of fiduciary duty."  PageID.46-48.

**COUNT 10 (all defendants)**: "Violation of oath."  PageID.48-51.

**COUNT 11 (all defendants)**: "Illegal obtention of fingerprints and photing is tresspass and physical intrusion of privacy. Theft of proberty thru biometrice. Constitutionally violation."  PageID.51-55.

**COUNT 12 (all defendants)**: "Unlawful Deprivation of Property and Liberty: Exposing the Trespass, Impoundment and Arrest Dissonance. Assault and a Stark Violation of Constitutional Protections."  PageID.55-57.

**COUNT 13 (all defendants)**: "Orchestrated Injustice: Collective Inaction and Implicit Endorsement of Constitutional Violations. Beyond Bystanders: Group Liability for Unseen Brutality."  PageID.58-61.

**COUNT 14 (all defendants)**: "Individual terrorists as agents of foreign powers. Domestic terrorism. Obstruction of justice."  PageID.61-63.

**COUNT 15 (all defendants)**: "Municipal liability. liability of supervisory officers. Constitutional deprivation caused by pattern policies or customs."  PageID.63-67.

Burnett lists 24 remedies which, among other things, asks the Court: to arrest all defendants; to impound "ALL books, videos, records and fraudulent claims" made by defendants;

to suppress "all evidence obtained by all attorneys"; to bar defendants from pleading immunity; to discharge all judgment liens against her; and, to dismiss all charges against her.  PageID.69-71.  In addition, Burnett seeks a "subtotal" of damages in the amount of $22,250,000.00 which are to be tripled due to "fraud" for total damages of $66,750,000.00.  PageID.73.  Finally, Burnett signed the complaint with non-sensical limitations of "Without Prejudice. Without Recourse. . . All my rights, remedies and immunities are explicitly reserved and I exercise them. Without the United States." *Id*.

## II.    Discussion

Plaintiff's lawsuit should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).  Federal subject-matter jurisdiction "can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).  "[W]hen subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss." *Giesse v. Secretary of Department of Health and Human Services*, 522 F.3d 697, 702 (6th Cir. 2008).

As discussed, some defendants have moved to dismiss Burnett's actions for lack of subject matter jurisdiction.  A motion under Fed. R. Civ. P. 12(b)(1) may be brought either as a facial attack or a factual attack. *Gentek Building Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6th Cir. 2007).  "A facial attack is a challenge to the sufficiency of the pleading

7

itself." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (emphasis omitted).  Here,

defendants have raised a facial attack on subject matter jurisdiction.

> When reviewing a facial attack, a district court takes the allegations in the
> complaint as true, which is a similar safeguard employed under 12(b)(6) motions
> to dismiss.  If those allegations establish federal claims, jurisdiction exists.

*Id.* (internal citation omitted). In this regard, the Court will consider Burnett's exhibits attached to

the complaint. *See generally, Bassett v. National Collegiate Athletic Association*, 528 F.3d 426,

430 (6th Cir. 2008) (when ruling on a defense under Fed. R. Civ. P. 12(b)(6), the court "may

consider the Complaint and any exhibits attached thereto, public records, items appearing in the

record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred

to in the Complaint and are central to the claims contained therein").  Because plaintiff is

proceeding *pro se*, the Court will read her complaint indulgently.  *See Haines v. Kerner*, 404 U.S.

519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*,

631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations,"

*Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

   Finally, regardless of defendants' motions, this Court may at any time "dismiss a

complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of

Civil Procedure when the allegations of a complaint are totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183

F.3d 477, 479 (6th Cir. 1999; *see also* Fed. R. Civ. P. 12(h)(3).

   Here, Burnett's complaint is premised on two legal theories which are non-sense:

her special status as a sovereign / sovereign citizen, and, defendants' status as foreign agents.

   First, Burnett contends that she is a sovereign citizen not subject to federal or state

laws.  In her complaint, Burnett moves and commands:

that the Article III tribunal take judicial notice of my specific objection to any erroneous and unproven presumption based on false conclusion of law administratively made regarding status before this Judicial law side of the court of abandonment or loss of status in the guaranteed Republic form of government. <u>This Judicial law side of the court must take Judicial Notice that Carmie-ronata is sovereign by my own energetic essence and vibrations in private capacity presenting this petition and action</u>.

Compl. at PageID.12 (emphasis added). In this regard, Burnett has filed a number of papers which set out the special rules which apply to her.  These papers include the following (in her words):

An "Affidavit of Rescission of contract and participation in the alleged fraudulent trust agreement" (ECF No. 1-5), in which Burnett claims that she is not bound by codes, revised statutes, ordinances, or regulations;[5]

An "Affidavit of Negation of Corporate Existence" (ECF No. 1-6), in which Burnett announced that, "I have not agreed or consented to ANY Jurisdiction of the FEDERAL GOVERNMENT, STATE GOVERNMENT, FEDERAL ENTITY / AGENCY, AND/OR STATE ENTITY / AGENCY."  PageID.103;

An "Affidavit of Undead as a living life claim" (ECF No. 1-7), in which Burnett defines herself as a living vessel and holder of a Preferred Maritime Lien which controls over her Preferred Mortgage known as the "certificate of live birth";[6] and,

---

[5] In Burnett's words (PageID.98):

> I have never, ever, under any circumstances, knowingly, willingly, deliberately, and/or intentionally agreed to be bound by codes, revised statutes, ordinances, regulations, as I only agreed as 1 of the "POSTERITY", of the people who ordained and inaugurated the Constitution for the United States of America, to follow the law, and none of the aforementioned are part of any legislative process or definition of "LAW OF THE LAND", and are therefore nonbinding upon any of the posterities of the People who wrote the Constitution for the United States, and any presumption that the preamble is not part of the Constitution was rebutted by the simple fact of intent- "We the People . . . do ordain and establish this Constitution for the United States of America".

[6] In Burnett's words (PageID.106-107):

> I, Carmie-ronata am the dance of frequencies, a specific pattern of frequencies arising within the dynamic symphony of the Quantum field. I am an expression, an extension, of the

An "Affidavit of Age of Majority. Affidavit of Ownership of Certificate of Title" (ECF No. 1-8), which establishes that Burnett is not subject to any laws.[7]

Second, Burnett contends that defendants Michigan, Grand Rapids, the GRPD, GRPD Chief Winstrom, GRPD Officer Middleton, GRPD Office Manser, GRPD Officer Howie, GRPD Officer Scavarda, Kent County, the Kent County Sheriff, the 61st District Court and Court Clerk Breen, "are Foreign Agents that did file misleading, false averments and erroneous statements[.]"   Compl. at PageID.18, ¶ 35.   Specifically, defendants "as Foreign Agents maliciously conducted materially false, fictitious, and fraudulent information and statements willfully and knowingly in violation of 118 Stat. 3764 section 1038 [presumably 18 U.S.C. 1038 "False information and hoaxes"]", "as FOREIGN AGENTS falsified, concealed, and covering up by trickery, scheme and device of material facts" and "did not disclose to Petitioner/Suitor that the bonds that were issued were to be created as securities and sold and that the nature of the charges are for the national debt."  *Id.* at PageID.45.  *See also*, Count 14, *supra* (suing defendants as "Individual Terrorists as Agents of Foreign Powers").  Finally, in her "Federal Question" No. 2,[8]

---

Ultimate Creative Essence. . . . I, Carmie-ronata am the Living Vessel and the holder of Preferred Maritime Lien as a FUNDAMENTAL UNALIENABLE right of control over a Preferred Mortgage known as the "CERTIFICATE OF LIVE BIRTH" from my DEAD VESSELL'S CARGO being held on account by the Birthing State and CHURCH CARETAKERS.

As the Court observed in *Mack v. Sweet*, No. 4:17-CV-00434-O-BP, 2017 WL 6756667 at *3 (Dec. 4, 2017), *R&R adopted* 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017):

So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). They claim as grounds for this belief: the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses.

[7] In Burnett's words (PageID.112):

My Spirit, my Soul is NOT a HUMAN CREATURE, HUMAN BEING, MAN OR WOMAN, nor subject to Unam Sanctum, Triple Crown of Ba'al, Papal Tiara and Triregnunm and / or Papa Bull Unam Sanctum, Roman law, UNITED STATES LAWS, FEDERAL LAWS, CONGRESSIONAL OVERSIGHT, STATE LAWS statutes, rules, codes, ordinances or legislation.

[8] In addition to her 15 counts, Burnett's complaint raises 17 "Federal Questions".  *See* PageID.2-3.

Burnett asks the Court to address the issue of whether defendants "are FOREIGN AGENTS
defined by the Foreign Agents Registration Act (FARA) as individuals engaging in political or
public relations activities at the direction of, or receiving funding from, a foreign government,
political party, or organization".[9]  Compl. at PageID.2 (internal quotation marks omitted).

Based on Burnett's allegations, the Court construes her complaint as alleging the
type of "meritless rhetoric" espoused by sovereign citizens.  *See United States v. Coleman*, 871
F.3d 470, 476 (2017). "The 'sovereign citizen' movement is a highly disperse, antigovernment
movement."  *United States v. Gooch*, 595 Fed. Appx. 524, 527, fn 1 (6th Cir. 2014).  In general,
sovereign citizens believe that the United States Government is a fraud and "that they, the
sovereign citizens, retain an individual common law identity exempting them from the authority
of those fraudulent government institutions."  *Id*. (internal quotation marks omitted).

Here, Burnett's claims are based on allegations that she is not a person or a United
States citizen because she is a vessel subject to maritime law, she is not subject to state or federal
government laws, and defendants are foreign agents who took illegal actions against her.  While
Burnett denies that she is a sovereign citizen[10], the claims set forth in her complaint are those raised
by members of that anti-government movement.

---

[9] Reference to a government official as a "foreign agent" is another frivolous legal theory which appears in sovereign
citizen claims. *See, e.g., Davis v. Brock & Scott LLC*, No. 323CV00492KDBDCK, 2024 WL 323484 at \*2 (W.D.N.C.
Jan. 29, 2024) (pointing out that plaintiff's filings, which include a claim that Magistrate Judges must be registered
under FARA "appear to rely on legal theories championed by 'sovereign citizens'").

[10] Burnett provides the following non-sensical explanation (Compl. at PageID.13):

Any statutory conversion, misclassification, and engaging Carmie-ronata as a "SOVEREIGN
CITIZEN" and "UNITED STATES CITIZEN" is disparity and deprivation of fundamental inherent
unalienable Creator rights, liberties, immunities and interests. Petitioner/Suitor at all times is to be
identified in private status with an unenfranchised status as an artificial being, person or natural
person, ens legis, a federal or state created creature or entity, a heathen, an animal like creature or a
creature of law an invisible, intangible, and existing only in contemplation of the law.
Petitioner/Suitor fundamental inherent natural unalienable rights, immunities, natural liberties and
interests are to be safeguarded at all times. Any encroachment upon those rights, interests and

The hallmark of the sovereign citizen movement is adherence to the belief that even though the person was born and resides in the United States, "he is his own sovereign and is therefore not a United States citizen." *See Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Id*. "The sovereign citizen concept hinges on a mistaken belief that federal, state, and local governments are illegitimate and therefore, laws and regulations enacted by those bodies are unenforceable." *United States v. Booker*, No. 322CR00034KDBDSC, 2022 WL 3570591 at *2 (W.D.N.C. Aug. 18, 2022). Sovereign citizen-type arguments include attempts to convince courts that their status as sovereign citizens differs from the status of the fictional individuals identified by their birth certificates. *See generally, Potter v. United States*, 161 Fed. Cl. 24, 28 (2022). *See, e.g., United States v. Zube*, No. 1:20-CR-20491, 2021 WL 4034205 at *1, fn. 1 (E.D. Mich. Sept. 3, 2021) (noting that a well-recognized feature of sovereign citizens' rhetoric to avoid a court's jurisdiction includes making a distinction "between some fictional entity created by the government and registered as a maritime vessel, and the actual 'flesh and blood' sentient being") (citation omitted).

In summary, Burnett's complaint is based upon the meritless rhetoric espoused by sovereign citizens. This Court has no jurisdiction for fictitious claims which are not based in law, but based in the fantasies of the sovereign citizen movement. *See Potter*, 161 Fed. Cl. at 28-29. Specifically, Burnett's claims that she holds the special status of a sovereign or sovereign citizen and that defendants are foreign agents "are totally implausible, attenuated, unsubstantial, frivolous,

---

immunities by legislative authority must be resolutely restrained. Any Article III tribunal judge safeguarding natural justice in legislative authority under Congressional authority of Article 1 will be concluded ultra vires acts and treason.

devoid of merit, or no longer open to discussion" *Apple*, 183 F.3d at 479.  Accordingly, the Court should dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

In reaching this determination, the Court has reviewed Burnett's motions.  Nothing referenced in her "Redress Grievance. Petition to Amend Complaint" (ECF No. 40), which claims to have discovered new evidence, would create subject matter jurisdiction in this case.  Finally, Burnett's other motion commanding "Robert-james: Jonker d/b/a HON ROBERT J JONKER" to provide her with "certified copies of his official bond, oath of office, and any professional liability insurance policy" (ECF No. 20) is frivolous.[11]

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that the motions to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) filed by defendants Michigan, Grand Rapids, GRPD, GRPD Chief Winstrom, Kent County, Kent County Sheriff, Middleton, Manser, Howie, and Scavarda (ECF Nos. 18, 22, 25 and 54) be **GRANTED**.  I further recommend that the Court sua sponte **DISMISS** the remaining defendants 61st District Court and Breen for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and that the case be **terminated**.

I further recommend that defendants' motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Nos. 15, 18, 22, 25 and 54) be **DENIED** without prejudice.

---

[11] As discussed, some defendants moved to dismiss Burnett's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Because the Court lacks jurisdiction over this sovereign citizen complaint, it is unnecessary to address the Rule 12(b)(6) motions.  However, even if the Court had jurisdiction, defendants' motions to dismiss brought pursuant to Rule 12(b)(6) would be granted. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  For the reasons set forth in § II, *supra*, Burnett's sovereign citizen complaint does not state a claim that is plausible on its face.

I further recommend that plaintiff Burnett's motion to produce (ECF No. 20) and motion to amend (ECF No. 40) be **DENIED**.

Dated:  June 18, 2024                    /s/ Ray Kent
                                         RAY KENT
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).