UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMIE RONATA BURNETT,

       Plaintiff,

                                         CASE No. 1:24-CV-55

v.

                                         HON. ROBERT J. JONKER

STATE OF MICHIGAN, et al.,

       Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 59); Plaintiff's Objection to the Report and Recommendation (ECF No. 60); and Defendant State of Michigan's Response.   (ECF No. 61).   Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."   12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).   Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).   De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.   *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's Objections; and Defendant State of Michigan's Response.   After its de novo review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

None of Plaintiff's myriad objections bear on the Magistrate Judge's reasoning.   Plaintiff objects, for example, to certain labels and terms used by the Magistrate Judge.   But none of that touches on the Magistrate Judge's actual analysis of Plaintiff's claim.   Plaintiff also objects that she did not consent to the reference to the Magistrate Judge.   But consent was not required under 28 U.S.C. §§ 636(b), as this Court has previously noted.   Furthermore, as set out above, the Magistrate Judge's recommendations on dispositive matters are subject to de novo review by an Article III United States District Judge following proper objections.   To the extent there is anything in Plaintiff's objections relating to the merits of the Report and Recommendation, the Court determines that the Magistrate Judge carefully and thoroughly considered the record and the governing law.   The Magistrate Judge properly analyzed Plaintiff's claims.   Nothing in Plaintiff's objections changes the fundamental analysis relating to subject matter jurisdiction.

To be sure, Plaintiff's complaint contains allusions and references to certain events that could be construed as relating to an alleged illegal search, seizure, and excessive force.   Of course all citizens have constitutional rights.   But to the extent there is kernel of a constitutional claim here, Plaintiff's allegations are self-defeating, and fall woefully short of a *Twombly* plausible allegation in any event   Plaintiff identifies no specific defendant tagged with specific alleged misconduct.   And Plaintiff admits she was driving without a license plate (so the initial stop she complains about was obviously permissible).   Plaintiff further admits she had no driver's license

(and so the subsequent arrest and impoundment was permissible as well).  And there are no allegations of excessive force in any subsequent events.  Defendant State of Michigan, furthermore, is entitled to 11th Amendment immunity as it points out in its response brief. Accordingly, Plaintiff's allegations, to the extent they suffice for subject matter jurisdiction, still fail to state a claim upon which relief can be granted, and thus dismissal is also called for under Rule 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii).  And having dismissed the federal claims, the Court declines the exercise of supplemental over any state law claims invoked by Plaintiff.  *See* 28 U.S.C. § 1367(c)(3).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 59) is **APPROVED AND ADOPTED** to the extent it is consistent with this Order.

**IT IS FURTHER ORDERED** that the motions to dismiss for lack of subject matter jurisdiction (ECF Nos. 18, 22, 25, and 54) are **GRANTED**; and that the remaining claims against the Defendants are **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim. *See Apple v. Glenn*, 183 F.3d 477, 489 (6th Cir. 1999); 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that the Court declines the exercise of supplemental jurisdiction over any remaining state law claims.

**IT IS FURTHER ORDERED** that the motions to dismiss for failure to state a claim (ECF Nos. 15, 18, 22, 25, and 54) are **DISMISSED AS MOOT.**

3

**IT IS FURTHER ORDERED** that Plaintiff's motions to produce and to amend (ECF Nos. 20 and 40) are **DENIED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate Judgment shall enter.

Dated:      July 19, 2024                /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE

4